UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CASE NO. 4:15-cv-00300 |
| MIEKA ENERGY CORPORATION, VADDA ENERGY CORPORATION, DARO RAY BLANKENSHIP, ROBERT WILLIAM MYERS, JR., and STEPHEN ROMO, | § § § § § § | |
| Defendants. | § § | |

## JOINT FINAL PRE-TRIAL ORDER

This cause came before the court at a pre-trial management conference held on [DATE], 2017, pursuant to Local Rule CV-16 and Rule 16 of the Federal Rules of Civil Procedure.

A. COUNSEL FOR THE PARTIES

    Plaintiff(s):     Timothy L. Evans

    Defendant(s):     Mitch Little, for Defendant Stephen Romo
                              Defendant Robert W. Myers, Jr., Pro Se

B. STATEMENT OF JURISDICTION

Jurisdiction in this case is based on Sections 20(b) and 22(a) of the Securities Act of 1933 [15 U.S.C. §§ 77t(b) and 77v(a)] and Sections 21(d), 21(e) and 27 of the Securities Exchange Act of 1934 [15 U.S.C. §§ 78u(e) and 78aa].

Defendants dispute jurisdiction because they contend that the underlying investments were not securities, but were joint venture interests.

C. NATURE OF ACTION

The case against Defendants Robert W. Myers, Jr. and Stephen Romo is an unregistered- broker case wherein the Commission alleges that Myers and Romo effected transactions in securities without being registered with the Commission

as brokers, in violation of Section 15(a) of the Exchange Act.

D. CONTENTIONS OF THE PARTIES

Plaintiff contends:

1. The 2010 Mieka PA WestM/Marcellus Project II ("2010-JV") interests sold by Defendants Myers and Romo were not joint venture interests, but were securities under the federal securities laws.

2. Defendants Myers and Romo violated Section 15(a) of the Exchange Act by effecting transactions in the 2010-JV interests while they were not registered with the Commission as brokers.

Defendants contend:

1. The 2010-JV interests were joint venture interests and not securities under the federal securities laws.

2. Because the 2010-JV interests were joint venture interests, Defendants Myers and Romo could not have violated Section 15(a) of the Exchange Act, which applies only to securities.

E. STIPULATIONS AND UNCONTESTED FACTS

The parties stipulate to the following facts:

1. Myers and Romo were employed by Mieka from at least September 2010 to October 2011 (the "relevant period").

2. Myers and Romo effected transactions in the 2010-JV during the relevant period.

3. Myers and Romo effected transactions in the 2010-JV interests by making use of the mails or any means or instrumentality of interstate commerce.

4. Myers and Romo were not registered with the Commission as brokers during the relevant period.

As to the conduct of the trial, the parties have agreed to the following:

1. The Court should preclude parties' counsel from arguing or discussing in the jury's presence their personal opinions, feelings, and beliefs regarding the facts as irrelevant and unduly prejudicial. *U.S. v. Morris,* 568 F.2d 396, 401 (5th Cir. 1978) (holding that an attorney "may not express his personal opinion concerning the merits of the case"); *see generally* FED. R. EVID. 402, 403.

2. The Court should preclude the parties from referring to any settlement agreements, offers or statements made during settlement discussions or mediation between the Commission and either of the defendants as a number of federal rules preclude use of such offers or statements. *See* FED. R. CIV. P. 68, FED. R. EVID. 408; *see also Texas Eastern Transmission Corp. v. Federal Power Commission*,

306 F.2d 345, 358 (5th Cir. 1962) ("Evidence of offers of compromise is ordinarily not admissible at all.").

3. The Court should preclude parties from referring to the fact that any witness is absent, unavailable, not called to testify in this case, or not allowed to testify, in any manner, in this case, including the speculated testimony of such witnesses. See generally FED. R. EVID. 401-403; see U.S. v. Morris, 568 F.2d 396, 401 (5th Cir. 1978) (holding that an attorney "may not state that he could have called additional witnesses whose testimony would have supported his version of the case"); see, e.g., United States v. Pitts, 918 F.2d 197, 199 (D.C. Cir. 1990) (parties may only argue negative inference from missing witness with court permission, after demonstrating that witness had relevant testimony and other party had special ability to produce the witness); Kinetic Concepts, Inc. v. Bluesky Medical Corp., No. SA-03-CA-0832, 2006 WL 6505348, at *2 (W.D. Tex. May 31, 2006) (excluding such testimony).

4. Pursuant to Federal Rule of Civil Procedure 615, the Court should order witnesses excluded from the courtroom so that they cannot hear other witnesses' testimony in the trial. See FED. R. EVID. 615.

5. The Court should preclude the parties from arguing about or referring to motions in limine, or the Court's rulings in response, in the presence of the jury, as such references would be irrelevant and unduly prejudicial. See generally FED. R. EVID. 401-403; *Badger v. Wal-Mart Stores, Inc.*, 2013 U.S. Dist. LEXIS 91216 (D. Nev. June 28, 2013).

6. The Court should preclude defendant from referring to the Commission's exercise of prosecutorial discretion to charge, or not to charge, entities and individuals involved in or related to the Commission's investigation and this litigation. Evidence of the Commission's charging decisions is admissible only if the Court finds that it is otherwise relevant, such as when a prior charge against another person for the same offense tends to prove that the defendant did not commit the offense at issue. *See United States v. White*, 692 F.3d 235, 246-47 (2d Cir. 2012). By contrast, it is proper to exclude evidence regarding the Commission's decision not to charge another individual, as the absence of charges against that other person does not negate the defendant's culpability. *See United States v. Ramos*, 169 F. App'x 865, 866 (5th Cir. 2006) (evidence regarding government's decision to dismiss charge against co-defendant not relevant to defendant's guilt).

7. The Court should preclude the parties from referring to any unrelated securities investigation, litigation, trial, or trial results involving the Commission as irrelevant, confusing to the jury, and an improper attempt to appeal to jury emotion and bias. *See generally* FED. R. EVID. 402, 403.

8. The Court should preclude the parties from, in the presence of the jury, making any argument or statement about, or offering any evidence of, any alleged or perceived harm suffered by defendants as a result of this litigation or any related investigation or action or of alleged or perceived consequences to defendants of any particular relief that might be granted to the Commission by the Court following one or more findings of liability. The jury's role as trier of fact is to

determine whether defendants violated the federal securities laws. Evidence of the collateral effects on defendants from their violations should not enter into the jury's deliberations. Such evidence or argument is irrelevant to the question of liability and its introduction at trial would represent an attempt to improperly influence the jury by appealing to its sympathy. See FED. R. EVID. 401, 402, 403. *See also Shannon v. United States*, 114 S. Ct. 2419, 2424 (1994) ("information regarding the consequences of a verdict are irrelevant" for the finder of fact to consider); *Rogers v. United States*, 422 U.S. 35, 40 (1975) (verdict must be reached "without regard to what sentence might be imposed"); *Moore v. Ashland Chem., Inc.*, 126 F.3d 679, 692 (5th Cir. 1997) ("…evidence may be unfairly prejudicial because it appeals to the jury's sympathies…or may cause a jury to base its decision on something other than the established propositions of the case."); *SEC v. Moran*, Case No. 95 Civ. 4472 (BN), 1995 WL 785953, *1 (S.D.N.Y. Oct. 31, 1995) ("It is well settled that the trier of fact must consider only the factual issue of liability without regard to any potential consequences which may befall a defendant.").

F.  CONTESTED ISSUES OF FACT AND LAW

1.  Whether the 2010-JV interests were joint venture interests or securities under federal law.

2.  The amount of transaction-based compensation, if any, received by the Defendants from Mieka for effecting transactions in the 2010-JV during the relevant period.

The Commission asserts that there is no dispute that the Defendants received transaction-based compensation for effecting transactions in the 2010-JV during the relevant period because it was admitted by Mr. Romo in his answer [Doc. 13, ¶ 51] and by Mr. Myers under oath before the Commission [Doc. 32, App. at 169 [Myers Tr. 113:10-114:8]].

G.  LIST OF WITNESSES

The parties are submitting witness lists concurrently.

H.  LIST OF EXHIBITS

The parties are submitting exhibit lists concurrently.

I.  LIST OF ANY PENDING MOTIONS

Plaintiff's Motion for Partial Summary Judgment as to Defendants Robert William Myers, Jr. and Stephen Romo (Dkt. 32)

J.  PROBABLE LENGTH OF TRIAL

The probable length of trial is three days.

K.    MANAGEMENT CONFERENCE LIMITATIONS

Other than the agreements listed above, the parties propose no limitations as to the conduct of trial.

L.    CERTIFICATIONS

The undersigned counsel for each of the parties in this action do hereby certify and acknowledge the following:

(1)    Full and complete disclosure has been made in accordance with the Federal Rules of Civil Procedure and the Court's orders;

(2)    Discovery limitations set forth in the Federal Rules of Civil Procedure, the Local Rules, and the Court's orders have been complied with;

(3)    Each exhibit in the List of Exhibits herein:
    (a)    is in existence;

    (b)    is numbered; and

    (c)    has been disclosed and shown to opposing counsel.

Approved as to form and substance:

Attorneys for Plaintiff(s):    /s/Timothy L. Evans

Attorneys for Defendant(s): _____

On February 15, 2017, counsel for the Commission provided Defendants a draft of this order. The next day, counsel for Defendant Romo stated that he had a single objection to the draft. The Commission responded to the objection on February 20 and conferred with counsel on the requested change on February 22. The Commission provided Romo's counsel with a copy of the revised language in section F.2 above, which the Commission believes accurately reflects the agreed change, but has not received confirmation from counsel prior to filing.

On February 22, 2017, pro se Defendant Myers stated that he objected to the contents of this order in its entirety based on his belief that he did not commit the violations alleged in the Complaint.

This Joint Pre-Trial Order is hereby approved this    day of [month],[year].

_____
United States District Judge