UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| **SECURITIES AND EXCHANGE COMMISSION,** | § § § | |
| Plaintiff, | § § § | |
| v. | § § § | CASE NO. 4:15-cv-00300 |
| **MIEKA ENERGY CORPORATION, VADDA ENERGY CORPORATION, DARO RAY BLANKENSHIP, ROBERT WILLIAM MYERS, JR., and STEPHEN ROMO,** | § § § § § § | |
| Defendants. | § § | |

**FINAL JUDGMENT
AS TO DEFENDANTS MIEKA ENERGY CORPORATION,
VADDA ENERGY CORPORATION, DARO RAY BLANKENSHIP,
AND ROBERT WILLIAM MYERS, JR.**

The Court has considered Plaintiff Securities and Exchange Commission's Motion for Final Judgment as to Defendants Mieka Energy Corporation, Vadda Energy Corporation, Daro Ray Blankenship, and Robert William Myers, Jr. (Dkt. #86)

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendants **Mieka, Vadda,** and **Blankenship** are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

(a) to employ any device, scheme, or artifice to defraud;

(b) to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise:  (a) the officers, agents, servants, employees, and attorneys of Defendants **Mieka, Vadda,** or **Blankenship**; and (b) other persons in active concert or participation with Defendants **Mieka, Vadda,** or **Blankenship**, or with anyone described in (a).

II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendants **Mieka** and **Blankenship** are permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

(a) to employ any device, scheme, or artifice to defraud;

(b) to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

  (c)  to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

  IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) the officers, agents, servants, employees, and attorneys of Defendants **Mieka** or **Blankenship**; and (b) other persons in active concert or participation with Defendants **Mieka** or **Blankenship** or with anyone described in (a).

### III.

  IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant **Vadda** is permanently restrained and enjoined from violating, directly or indirectly, Section 13(a) of the Exchange Act [15 U.S.C. § 78m(a)] and Rules 12b-20, 13a-1, and 13a-13 promulgated thereunder [17 C.F.R. §§ 240.12b-20, 240.13a-1, and 240.13a-13], by filing with the Commission annual reports on Form 10-K, current reports on Form 8-K, quarterly reports on Form 10-Q, or any amendments thereto that contain false statements of material fact or omit to state material facts necessary, or fail to add such further material information as may be necessary, in order to make the statements made, in the light of the circumstances under which they were or are made, not misleading.

  IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant **Vadda's** officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant **Vadda** or with anyone described in (a).

IV.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant **Blankenship** is permanently restrained and enjoined from, directly or indirectly: (1) offering or selling securities; and (2) participating in any oil and gas-related securities offering, by: i) preparing, directly or indirectly, any written or electronic offering materials for use in an oil and gas-related offering; ii) communicating, directly or indirectly, with investors about the status of their oil and gas investment(s); iii) receiving, depositing, or effecting the initial disbursement of any proceeds from any oil and gas-related securities offering; and iv) directing, directly or indirectly, the receipt, deposit, or initial disbursement of any proceeds from any oil and gas-related securities offering; provided, however, that none of the foregoing shall preclude Defendant **Blankenship** from purchasing or selling securities for his own account or participating in any oil and gas-related securities offering for his own account.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise:  (a) Defendant **Blankenship's** officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant **Blankenship** or with anyone described in (a).

V.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant **Blankenship** is permanently restrained and enjoined from, directly or indirectly, controlling any person who violates Section 13(a) of the Exchange Act [15 U.S.C. § 78m(a)] and Rules 12b-20, 13a-1, and 13a-13 thereunder by filing with the Commission annual reports on Form 10-K, current reports on Form 8-K, quarterly reports on Form 10-Q, or any amendments thereto that

contain false statements of material fact or omit to state material facts necessary, or fail to add such further material information as may be necessary, in order to make the statements made, in the light of the circumstances under which they were or are made, not misleading, unless Defendant **Blankenship** acts in good faith and does not directly or indirectly induce the act or acts constituting the violation.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Judgment by personal service or otherwise: (a) Defendant **Blankenship's** officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant **Blankenship** or with anyone described in (a).

VI.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant **Blankenship** is permanently restrained and enjoined from aiding and abetting any violation of Section 13(a) of the Exchange Act [15 U.S.C. § 78m(a)] and Rules 12b-20, 13a-1, and 13a-13 thereunder by knowingly or recklessly providing substantial assistance to an issuer that files with the Commission annual reports on Form 10-K, current reports on Form 8-K, quarterly reports on Form 10-Q, or any amendments thereto, that contain false statements of material fact or omit to state material facts necessary, or fail to add such further material information as may be necessary, in order to make the statements made, in the light of the circumstances under which they were or are made, not misleading, unless Defendant **Blankenship** acts in good faith and does not directly or indirectly induce the act or acts constituting the violation.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who

receive actual notice of this Judgment by personal service or otherwise: (a) Defendant **Blankenship's** officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant **Blankenship** or with anyone described in (a).

### VII.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant **Blankenship** is permanently restrained and enjoined from violating, directly or indirectly, Rule 13a-14 under the Exchange Act [17 C.F.R. § 240.13a-14], by including a false and misleading certification with any annual or quarterly report required to be filed with the SEC pursuant to Section 13(a) of the Exchange Act [15 U.S.C. §78m(a)].

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Judgment by personal service or otherwise: (a) Defendant **Blankenship's** officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant **Blankenship** or with anyone described in (a).

### VIII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, pursuant to Section 21(d)(2) of the Exchange Act [15 U.S.C. § 78u(d)(2)] and Section 20(e) of the Securities Act [15 U.S.C. § 77t(e)], Defendant **Blankenship** is prohibited from acting as an officer or director of any issuer that has a class of securities registered pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78l] or that is required to file reports pursuant to Section 15(d) of the Exchange Act [15 U.S.C. § 78o(d)].

### IX.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant

**Myers** is restrained and enjoined from violating, directly or indirectly, Section 15(a) of the Exchange Act [15 U.S.C. §78o(a)], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange to effect any transactions in, or to induce or attempt to induce the purchase or sale of, any security (other than an exempted security or commercial paper, bankers' acceptances, or commercial bills) unless such person is registered with the SEC as a broker or dealer in accordance with Section 15(b) of the Exchange Act.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Judgment by personal service or otherwise: (a) Defendant **Myers's** officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant **Myers** or with anyone described in (a).

X.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that: Defendants **Mieka** and **Blankenship** are jointly and severally liable for disgorgement of $3,705,560.94, representing profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $378,288.17, for a total joint and several liability of $4,083,849.11.

IT IS FURTHER ORDERED, ADJUGED, AND DECREED that Defendant **Mieka** is liable for a civil penalty of $725,000, pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)] and Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)].

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant **Blankenship** is liable for a civil penalty of $150,000, pursuant to Section 20(d) of the Securities

Act [15 U.S.C. § 77t(d)] and Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)].

IT IS FURTHER ORDERED, ADJUGED, AND DECREED that Defendant **Vadda** is liable for a civil penalty of $450,000, pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)] and Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)].

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant **Myers** is liable for disgorgement of $121,466, representing profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $12,400.04, and a civil penalty in the amount of $4,000 pursuant to Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)].

Defendants shall satisfy their total obligations—**Mieka** ($4,833,849.11), **Blankenship** ($4,233,849.11), **Vadda** ($450,000), and **Myers** ($137,866.04)—by paying their respective amounts to the Securities and Exchange Commission within 14 days after entry of this Final Judgment.

Defendants may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm. Defendants may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

> Enterprise Services Center
> Accounts Receivable Branch
> 6500 South MacArthur Boulevard
> Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; Defendants' name as a defendant in this action; and specifying that payment is made

pursuant to this Final Judgment.

Defendants shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action. By making this payment, Defendants relinquish all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendants. The Commission shall send the funds paid pursuant to this Final Judgment to the United States Treasury.

The Commission may enforce the Court's judgment for disgorgement and prejudgment interest by moving for civil contempt (and/or through other collection procedures authorized by law) at any time after 14 days following entry of this Final Judgment. Defendants shall pay post judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.

XI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, solely for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. §523, the allegations in the complaint are true and admitted by Defendants **Mieka, Blankenship, Vadda,** and **Myers**, and further, any debt for disgorgement, prejudgment interest, civil penalty, or other amounts due by Defendants under this Final Judgment or any other judgment, order, consent order, decree, or settlement agreement entered in connection with this proceeding, is a debt for the violations, respectively, by Defendants **Mieka, Blankenship, Vadda,** and **Myers** of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. §523(a)(19).

XII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

XIII.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

**SIGNED this 6th day of August, 2018.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE